UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR BARELA,<br><br>      Plaintiff,<br><br>      v.<br><br>STOCKTON POLICE DEPARTMENT,<br><br>      Defendant. | No. 2:22-cv-1209 TLN DB P<br><br>ORDER |

Plaintiff, a former inmate at the Amador County Jail,[1] proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on July 11, 2022, is before the court for screening. Plaintiff has also filed a motion to proceed in forma pauperis and a motion to appoint counsel. For reasons that follow, the complaint's allegations fail to state a claim. Plaintiff will be granted leave to file an amended complaint.

**I.**    **In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

---

[1] Based on the recent change of address plaintiff filed, plaintiff has been released from custody.

1

**II.     Screening Requirement**

The court is required to screen complaints brought by prisoners[2] proceeding without counsel who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

---

[2] Although plaintiff has been released from jail, the court screens the complaint under 28 U.S.C. § 1915A because plaintiff was in custody when he filed this suit. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017).

### III. Allegations in the Complaint

On January 5, 2022, at 2:25 p.m. plaintiff drove a friend's car to borrow gas money from another friend. The owner of the car was with plaintiff. After plaintiff's friend loaning money came to the driver's side window and gave plaintiff twenty dollars, a masked man pointed a gun at plaintiff through the window and fired three rounds into plaintiff's lap. Plaintiff was shot in his femur artery, testicles, and right leg. The masked man ran away. Plaintiff lost consciousness.

After plaintiff woke up in the hospital, he learned that a detective conducting an investigation had taken plaintiffs phone, another phone out of the car, and other items out of the car that did not belong to plaintiff. Plaintiff asked his friend if the detective had taken the car for a proper investigation. Plaintiff's friend said the police talked to her for a short period of time and then let her leave the crime scene with the vehicle. Plaintiff takes issue with the detective taking his cell phones while plaintiff was unresponsive, but not taking the vehicle for a proper investigation for fingerprints or investigation procedures.

Plaintiff's friend recovered all three shell casings from the car. Plaintiff told her to turn them in to the police, with the vehicle, for a better chance of catching the shooter.

After plaintiff was shot by the masked man, he would get pulled over on different occasions and most of the time it would be the officers or detectives who came to the scene when he got shot. These individuals would harass plaintiff and question his integrity, asking him "who did it" and acting like plaintiff was doing a drug deal when he got shot. One of the individuals who pulled plaintiff over tried to lie to him saying the incident was caught on camera. Plaintiff would ask the officers or detective why they let the owner of the car drive the car away, but the officers or detectives never had an answer.

Plaintiff had not had a gun charge until after the shooting incident. Although plaintiff is a victim of a crime, he was not treated like a regular civilian because of his criminal background. Plaintiff now lives in fear, scared for his life and looking over his shoulder wherever he goes because the Stockton Police Department did not do their job. Plaintiff suffered stress and agony from the detectives taking his cell phones because he could not call his family and tell them he had been shot.

Plaintiff states he wants to bring claims for criminal negligence, failure to comply with proper police procedure, and harassment. He seeks monetary damages for pain and suffering, medical bills, and for the police not taking his case seriously.

### IV. Screening of the Complaint

#### A. Legal Standards under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not provide a mechanism for remedying alleged violations of state law. Galen v. Cty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). An individual defendant is not liable for a civil rights violation unless the facts establish that the defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if she does an affirmative act, participates in another's affirmative acts or omits to perform an act which she is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743.

#### B. Monell Claim for Inadequate Policies

The court first considers whether plaintiff has stated an entity liability claim against the City of Stockton under Monell v. Dep't of Soc. Srvs. of New York, 436 U.S. 658 (1978) for the conduct of the Stockton Police Department employees. A local government can be liable under § 1983 for the acts of its employees causing a constitutional injury. See id.; City of Canton v. Harris, 489 U.S. 378, 390 (1989); Customary practices, if widespread among police employees, are a sufficient basis for municipal liability. Sloman v. Tadlock, 21 F.3d 1462, 1470 (9th Cir. 1994).

A <u>Monell</u> claim would require plaintiff to show that he suffered an individualized constitutional injury. See <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (<u>Monell</u> claims require that an employee committed an alleged constitutional violation or that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and basis for it). Here, as set forth below, the facts alleged fail to state an individualized cognizable constitutional claim. Without an individualized constitutional violation, there can be no <u>Monell</u> claim. See <u>id.</u>; <u>Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown</u>, 520 U.S. 397, 403-04 (1997) (<u>Monell</u> plaintiffs must prove a constitutional injury).

### C.  Harassment

The complaint fails to state a claim based on the allegations of harassment by Stockton Police Officers. The mere making of threats or harassing comments does not give rise to a civil rights claim under 42 U.S.C. § 1983. See <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983). Only if the harassment was designed to retaliate against plaintiff and chill his protected speech would the conduct violate the First Amendment. See <u>Sloman</u>, 21 F.3d at 1471.

Certain adverse governmental action taken in retaliation against the exercise of free speech violates the First Amendment. See, e.g., <u>Mt. Healthy School Dist. v. Doyle</u>, 429 U.S. 274, 283-84 (1977). For this type of claim, the defendant's motive is relevant. <u>Sloman</u>, 21 F.3d at 1469. To show a First Amendment violation in this context, a plaintiff must allege his speech was chilled or intimidated by the defendant's conduct. See <u>Dooley v. Reiss</u>, 736 F.2d 1392, 1394-95 (9th Cir.) (where government officials conspired unsuccessfully to prevent plaintiff from exercising First Amendment right, there was no redressable constitutional violation because of the absence of an actual constitutional deprivation), cert. denied, 469 U.S. 1038 (1984).

Plaintiff does not allege the harassment occurred in retaliation for the exercise of any First Amendment right. Plaintiff also does not allege his speech was chilled or intimidated. Therefore, the facts alleged do not state a claim under the First Amendment based on the alleged harassment by City of Stockton police officers.

////

**D. Failure to Adequately Investigate**

The complaint fails to state a claim based on allegations that the Stockton Police Department did not adequately or properly investigate the shooting crime of which plaintiff was a victim. At most, the allegations in the complaint evince negligence, which is not actionable under 42 U.S.C. § 1983. Woodrum v. Woodward Cnty., Okl., 866 F.2d 1121, 1126 (9th Cir. 1989) ("Mere negligence or lack of due care by state officials in the conduct of their duties does not… state a claim under section 1983.").

Even if state law required the Stockton Police Department to investigate the crime against plaintiff in a certain manner, or using specific investigative techniques, the complaint's allegations would still fail to show a deprivation of a federally protected right actionable under 42 U.S.C. § 1983. See Lovell By & Through Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) (42 U.S.C. § 1983 offers no redress for the deprivation of a state-created interest that reaches beyond that guaranteed by the Federal Constitution); Sparks v. Fam. Servs., 106 F.3d 409 (9th Cir. 1997) (allegations of failure to investigate not actionable under § 1983).

Plaintiff also alleges the Stockton Police Department was criminally negligent. However, a private citizen has no right to assert a violation of a criminal statute. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes generally "provide no basis for civil liability"). Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists). Therefore, the complaint fails to state a claim for negligence, criminal negligence, or a failure to adequately investigate.

**V.   Conclusion and Order**

The complaint fails to state a cognizable claim, but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of plaintiff's own constitutional rights. See Iqbal, 556 U.S. at 676-77.

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and then a district judge will determine whether the complaint states a cognizable claim.

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on identifying how his own rights have been violated and how each named individual defendant is personally responsible for the alleged violations.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

## VI. Appointment of Counsel

Plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most pro se plaintiffs, such as lack of legal education, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present

7

case, the court does not find the required exceptional circumstances. Therefore, plaintiff's motion for the appointment of counsel will be denied.

### VII. Order

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's motion for the appointment of counsel (ECF No. 7) is denied.

3. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a. An amended complaint curing the deficiencies identified in this order;

    b. A notice of election to stand on the complaint as filed; or

    c. A notice of voluntary dismissal.

4. Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated: January 20, 2023

DLB7
bare1209.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE